# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SANTA FE COMMUNITY HOUSING TRUST,

    Plaintiff,

v.                                    No. CIV 18-0054 RB/KBM

CHERYL MAES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Santa Fe Community Housing Trust's Motion to Appoint Arbitrator, filed on March 22, 2019 (Doc. 32), and on Cheryl Maes's Request for a Stay, filed on April 17, 2019 (Doc. 40). Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion to appoint arbitrator and **DENY** the motion to stay.

**I.    Background**[1]

In 2002, Defendant Cheryl Maes purchased a residential property in Santa Fe, New Mexico. (*See* Doc. 30 at 1 (citing Doc. 25-A).) Ms. Maes financed the purchase with a first mortgage from Matrix Financial Services Corporation (Matrix) and a second mortgage lien through the City of Santa Fe, New Mexico's Housing Opportunity Program. (*See* Doc. 25-B; *see also* Doc. 25 ¶ 11 (citing Doc. 25-D).) Pursuant to her agreement with the City (the HOP Agreement), the City and its agents have a right of first refusal to purchase the property in certain circumstances, including in the event of a mortgage or lien foreclosure or similar proceeding. (*See* Doc. 25-B ¶¶ 2.6(C), 3.1(B), (D); *see also* Doc. 25-A ¶ C.) The City assigned its right and interest

---

[1] The Court set out a more detailed factual background in its March 18, 2019 Memorandum Opinion and Order and incorporates it here by reference. (*See* Doc. 30 at 1–4.)

to the HOP Agreement to Plaintiff Santa Fe Community Housing Trust (the Trust) in 2009. (*See* Doc. 25 ¶ 11 (citing Doc. 25-D).)

In 2016, Matrix filed a complaint for an in rem foreclosure. (*See* Doc. 26 ¶ 12 (citing *Matrix Fin. Servs. Corp. v. Maes*, D-101-CV-2016-01418, Compl. for Foreclosure (1st Judicial Dist., Santa Fe Cty., N.M. June 14, 2016)).) A New Mexico state court has since determined that the Trust properly holds and has exercised the right of first refusal to purchase the property. *Matrix Fin. Servs. Corp.*, D-101-CV-2016-01418, Am. Summ. J., Decree of Foreclosure, & Appointment of Special Master, ¶ 3(C) (1st Judicial Dist., Santa Fe Cty., N.M. Jan. 19, 2018). (*See also* Doc. 26-F ¶ 3(C).) The state court concluded that "[t]he HOP Agreement provides for a methodology for establishing the purchase price of the subject property[,]" but it declined to "pass on the specific provisions of the HOP Agreement and [found] that its enforcement involves a collateral proceeding which may be pursued in separate litigation." (*See id.* at ¶¶ 3(D)–(E), 4).) Defendant has appealed this order to the New Mexico Court of Appeals. *See Matrix*, D-101-CV-2016-01418, Notice of Appeal (1st Judicial Dist., Santa Fe Cty., N.M. Nov. 9, 2018).

"The Trust filed a separate complaint in the First Judicial District Court, seeking specific performance of the HOP Agreement and enforcement of the arbitration clause." (Doc. 30 at 4 (citing Doc. 1-A).) Defendant removed the complaint to this Court on January 17, 2018. (*See* Doc. 1.) The Trust moved for summary judgment and asked the Court to order the parties to arbitrate as provided for in the HOP Agreement. (*See* Docs. 25 at 6; 25-B ¶ 3.4.) In response, Ms. Maes "attack[ed] the state court's findings that the Trust is the assignee of the HOP Agreement and argue[d] that the state court made procedural errors in considering the Trust's motion for summary judgment." (Doc. 30 at 6 (internal citations omitted).) The Court determined that the *Rooker-Feldman* doctrine barred it from reviewing the state court's decision, either substantively or

procedurally, and it granted the motion for summary judgment. (*See id.* at 7–8.) Ms. Maes appealed the Court's decision to the Tenth Circuit Court of Appeals (*see* Doc. 34), and the Tenth Circuit recently dismissed the appeal for lack of prosecution (*see* Doc. 44).

The Trust now moves the Court to appoint an arbitrator to determine the purchase price of the property, because the HOP Agreement is silent on how the parties are to select an arbitrator. (*See* Doc. 32 ¶ 2; *see also* Doc. 25-B.) In response to the Trust's motion, Ms. Maes argues that the City did not have statutory authority to create the HOP Agreement, that enforcing the HOP Agreement violates her property rights under the New Mexico and United States Constitutions, and that the appointment of an arbitrator would be illegal and unconscionable. (*See* Doc. 33.) She also seeks a stay of this lawsuit during the pendency of her appeal of the state court's decision. (*See* Doc. 40.) The Court turns first to Ms. Maes's request to stay.

**II.	The Court will deny Ms. Maes's request to stay.**

Ms. Maes seeks a stay pursuant to Federal Rule of Appellate Procedure 8(a)(1). (*See id.* at 1.) Rule 8(a)(1) allows a party to move for a stay of a "judgment or order of a district court pending appeal . . . ." Ms. Maes sought a stay of this matter pending the appeal she filed on April 11, 2019. (Doc. 34.) The Tenth Circuit has since dismissed her appeal pursuant to 10th Circuit Rule 42.1 for lack of prosecution. (*See* Doc. 44-1.) Accordingly, the Court will deny her request to stay pursuant to Rule 8(a)(1).[2]

**III.	The Court will direct the parties to submit names of potential arbitrators.**

The Trust asks the "Court to appoint an arbitrator to conduct the arbitration required under

---

[2] To the extent Ms. Maes asks the Court to stay this matter pending her appeal in the state court, Rule 8(a) is not the proper procedural vehicle to request such a stay. *See*, *e.g.*, *In re Barrier*, 776 F.2d 1298, 1299 (5th Cir. 1985) (finding that Rule 8(a) did not authorize the appellate court to grant a stay pending an appeal to the *district* court of a bankruptcy court order, because "the rule only authorizes stays pending appeals to this court").

the" HOP Agreement. (Doc. 32 at 1.) The HOP Agreement's arbitration clause provides: "In the event that there is a dispute as to the purchase price" under the right of first refusal, "the seller shall be entitled, at its own expense, to have a separate appraisal performed[,] and if the seller and City or its agent still can not [sic] agree as to the purchase price, the seller and City shall resolve the matter through binding arbitration." (Doc. 25-B ¶ 3.4.) The HOP Agreement does not, however, dictate the method the parties should use to select an arbitrator. (*See* Doc. 32 at 1; *see also* Doc. 25-B.)

Again, Ms. Maes responds with arguments concerning the legality of the HOP Agreement and the City's HOP program. (*See* Doc. 33.) As the Court determined in its earlier Opinion, Ms. Maes's arguments are foreclosed by the *Rooker-Feldman* doctrine. (*See* Doc. 30 at 7–8.) Because Ms. Maes fails to advance any argument that the Court may consider regarding the motion at issue, the Court will grant the Trust's motion. The parties shall submit a list of five acceptable arbitrators who are located within Bernalillo County or Santa Fe County, New Mexico, no later than Monday, June 17, 2019.

**THEREFORE,**

**IT IS ORDERED** that the Trust's Motion to Appoint Arbitrator (Doc. 32) is **GRANTED**; the parties shall submit a list of five arbitrators no later than **June 17, 2019**, as outlined in this Order;

**IT IS FURTHER ORDERED** that Ms. Maes's Request for a Stay (Doc. 40) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE